*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re A. L. AGUILAR, Minor.

UNPUBLISHED
March 24, 2022

No. 357682
Cass Circuit Court
Family Division
LC No. 20-000026-NA

Before: O'BRIEN, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor child under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist) and (g) (failure to provide proper care and custody). We affirm.

## I. MCR 3.913(C)

Respondent first argues that the referee failed to advise her of the right under MCR 3.913(C) to request review of the referee's recommended findings and conclusions.[1]

A court may assign a referee to preside over certain hearings in child protective proceedings. See MCR 3.913(A)(1). Under MCR 3.913(C), "the referee must inform the parties of the right to file a request for review of the referee's recommended findings and conclusions as provided in MCR 3.991(B)." MCR 3.991 provides for judicial review of the referee's recommendations. "The judge must enter an order adopting the referee's recommendation unless . . . the judge would have reached a different result had he or she heard the case." MCR 3.991(E)(1).

---

[1] Because this issue is unpreserved, our review is for plain error affecting substantial rights. See *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Id*. at 9.

The referee failed to advise respondent of her right to have the referee's findings reviewed at several hearings,[2] including the February 11, 2021 permanency planning hearing, at which the referee ordered that a termination petition be filed and suspended respondent's parenting time. Respondent argues that the referee's failure to advise of the right of review nullifies the permanency planning order. However, procedural errors can be considered harmless if they do not affect the fundamental fairness of the proceedings or the outcome of the case. See *In re AMB*, 248 Mich App 144, 235; 640 NW2d 262 (2001). See also MCR 2.613(A). Respondent does not argue that the referee's decision to order the filing of a termination petition was erroneous. Further, at the time of the permanency planning hearing, respondent had made little progress on the case service plan, and as will be discussed below, the trial court did not err by terminating her parental rights. Accordingly, respondent fails to establish that she was prejudiced by the referee's failure to comply with MCR 3.913(C). See *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

## II. STATUTORY GROUNDS & BEST INTERESTS

Respondent also argues that the trial court clearly erred by terminating her parental rights under MCL 712a.19b(3)(g). We agree, but nonetheless affirm because termination of respondent's parental rights was appropriate under MCL 712A.19b(3)(c)(*i*).[3]

Termination under MCL 712A.19b(3)(g) is proper when "[t]he parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." Neither the referee nor the trial court made findings about respondent's financial ability to provide for the child. Further, given that respondent was not employed and did not have housing at the time of termination, she presumably did not have the financial ability to provide proper care and custody of the child. The trial court erred by terminating respondent's parental rights under MCL 712A.19b(3)(g) without considering that fact.

---

[2] At the termination hearing the referee advised that respondent had a right to appeal the referee's findings and conclusions to the circuit court judge. The trial court held a de novo hearing and affirmed the termination of respondent's parental rights.

[3] "In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). "We review the trial court's determination for clear error." *Id*. We also review for clear error a trial court's decision that termination is in a child's best interests. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

Nonetheless, only one statutory ground for termination is necessary.[4] See *In re Frey*, 297 Mich App 242, 244; 824 NW2d 569 (2012). MCL 712A.19b(3)(c)(*i*) provides that the trial court may terminate a respondent's parental rights if "182 or more days have elapsed since the issuance of an initial dispositional order" and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." The termination of respondent's parental rights under MCL 712A.19b(3)(c)(*i*) has ample support in the record evidence. The child was removed from respondent's care after she left the 12-day-old child unattended in a vehicle while she allegedly attempted to rob a pizza delivery person. The main issue that needed to be addressed was respondent's substance abuse, but she failed to take advantage of several substance abuse services offered to her. When respondent was drug screened, she tested positive for controlled substances that she was not prescribed. More generally, respondent rarely participated in services, missed most parenting-time visits, and participated in unapproved parenting time with her older children during which one of them was shot. Respondent was also unemployed and had become homeless during the pendency of the proceedings.

In sum, there was clear and convincing evidence to conclude that there was no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's young age.

Lastly, although respondent does not challenge the trial court's best-interest finding, we have reviewed the record and conclude that it supports the court's determination.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of the parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). "[T]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home," are all factors for the court to consider when deciding whether termination is in the best interests of the child. *In re White*, 303 Mich App 701, 713; 8463 NW2d 61 (2014). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id*. at 714.

The record reflects that there was little bond between respondent and the child. At the time of termination, the child had been in foster care for over a year, and respondent's participation in parenting-time visits waned as the case progressed. The caseworker testified that the child was thriving while in foster care and that the child's foster family wished to adopt him. Respondent did not meaningfully participate and benefit from the case service plan and was not in a position to care for the young child. The record also reflects that respondent's older children were not enrolled in school, and, as noted, one of those children was shot during an unapproved parenting-time visit with respondent. The referee and the trial court properly considered these facts when

---

[4] Respondent does not squarely challenge the trial court's findings regarding MCL 712A.19b(3)(c)(*i*), but given that it is the only remaining statutory basis, we address it out of an abundance of caution.

evaluating respondent's parenting ability. For these reasons, the trial court did not clearly err when it found that termination of respondent's parental rights was in the child's best interests.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Douglas B. Shapiro
/s/ Mark T. Boonstra